```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

WILLIAM MORALES,                    :
    petitioner,                     :
                                                           :
    v.                              :      Case No. 3:12cv206(WWE)
                                                           :
J. BRIGHTHAUPT,                     :
    respondent.                     :

## **RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, William Morales, an inmate currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 state murder conviction. For the reasons that follow, the petition will be denied.

## I.  **Standard of Review**

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the

1

state court unless the adjudication of the claim in state court either:

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a very "difficult" standard to "meet." *Metrish v. Lancaster*, 569 U.S. ___, 133 S. Ct. 1781, 1786 (2013).

Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *See Howes v.* Fields, ___ U.S. ___, 132 S. Ct. 1181, 1187 (2012); *Carey v. Musladin*, 549 U.S. 70, 74 (2006). Thus, "[c]ircuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker v. Matthews*, ___ U.S. ___, 132 S. Ct. 2148, 2155 (2012) (quoting 28 U.S.C. § 2254(d)(1)). The law may be a generalized standard or a bright-line rule intended to apply the standard in a particular context. *See Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court application of clearly established law must be objectively unreasonable which is

2

a substantially higher standard. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state prisoner must show that the challenged court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398 (2011). In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Id.*

## II. Discussion

Petitioner's judgment of conviction has been affirmed by the Connecticut Appellate Court and his two state habeas petitions have been dismissed by the state courts. In this petition, he challenges his conviction on four grounds: (1) the prosecutor's racially motivated use of peremptory challenges to strike two jurors and the trial judge's denial of motion to dismiss selected jurors and to start the selection process again violated his rights to a fair trial and to equal protection under the law; (2) the judge's refusal to charge on his sole theory of defense

3

denied him his right to present a defense; (3) the judge improperly instructed the jury on reasonable doubt; and (4) the judge erred in refusing to charge on evidence that the petitioner was intoxicated at the time of the murder.

### A. Batson Claim

The petitioner argues that the trial court failed to properly apply the standard set forth in *Batson*, 476 U.S. 79 to the prosecutor's peremptory challenges of two venirepersons during jury selection. In addition, after granting petitioner's motion to strike a third venireperson under *Batson*, the trial judge erred in refusing to grant motion to dismiss the jurors who had already been chosen and to start jury selection again.

#### 1. Peremptory Challenges of Venirepersons L and R

The petitioner claims that the trial court improperly accepted the prosecutor's race-neutral explanations for striking venirepersons L and R, who are African American.

According to *Batson*, a challenge to a peremptory strike on the ground that it was made on the basis of race in violation of the Equal Protection Clause of the Fourteenth Amendment requires a three-step inquiry: (1) Whether the defendant has made a *prima facie* showing that the prosecutor exercised a peremptory challenge to exclude a venireperson because or his or her race; (2) if so, the burden shifts to the prosecutor to present reasons, unrelated to race, for seeking to excuse the venireperson; and (3) whether the defendant has met his or her

4

burden of proving "purposeful discrimination." 476 U.S. at 96-97. The explanation offered by the prosecutor for a peremptory strike "need not rise to the level justifying exercise of a challenge for cause." *Id.* at 97. "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Hernandez*, 500 U.S. at 359-60. At step three, the reviewing court's determination is based on the trial court's evaluation of the credibility of the attorney asserting the peremptory strike. *See Miller-El v. Dretke*, 545 U.S. 231, 251-52 (2005).

In reviewing plaintiff's appeal of his murder conviction, the Connecticut Appellate Court held that the state had met its burden of providing race-neutral reasons for excusing venire person L. *See Morales*, 71 Conn. App. 790, 803-04. The Appellate Court applied the standard established in *Batson*. Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).

The petitioner has offered no evidence that the trial court's acceptance of the race-neutral reasons offered by the prosecutor in support of her peremptory challenges to both venirepersons L and R was unreasonable. The Connecticut Appellate Court's conclusion that the trial judge did not err in refusing to strike venire persons L and R on the ground that the prosecutor had exercised peremptory challenges on the basis of

5

race was not an unreasonable application of the standard set forth in *Batson*. The petition for writ of habeas corpus will be denied as to this claim as set forth in the first ground for relief.

### 2. Denial of Motion to Dismiss Jurors Selected

Petitioner seeks review of the trial judge's denial of his motion to dismiss that argued the jury selection process should have been recommenced. In reliance on *State v. Gonzalez*, 206 Conn. 391, 394 (1997), petitioner argues that the trial judge erred in denying the motion to dismiss.

Here, the petitioner is requesting federal review of an alleged violation of state law. The petitioner argues that the trial judge violated *Gonzalez* when he refused to dismiss the accepted jurors and the rest of the venire and to start the selection process again after he found the prosecutor had attempted to excuse a juror for improper reasons. Such a claim is not cognizable in a federal habeas petition. *See Estelle*, 502 U.S. at 67. The petition for writ of habeas corpus will be denied as to this claim as set forth in the first ground for relief.

### B. Request to Charge on Sole Defense

The petitioner argues that the trial court refused to charge the jury as to his sole theory of defense. The petitioner's

defense was that he did not voluntarily confess to the murder of the victim and that he was innocent. The petitioner contends that the trial judge's conduct violated his right to present a defense and to a fair trial.

The petitioner asserts that the trial judge should have given the jury a cautionary instruction regarding the jury's role in assessing the credibility of the petitioner's confessions.

The Supreme Court has held that the Sixth and Fourteenth Amendments guarantee a defendant "a meaningful opportunity to present a complete defense" in a criminal prosecution. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation marks and citations omitted). The right to present a defense includes "[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). A criminal defendant, however, does not have "an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1987). Furthermore, the Constitution permits trial court judges to exclude evidence that is repetitive or only marginally relevant, or that poses an undue risk of harassment, prejudice, or confusion of the issues. *Crane*, 476 U.S. at 689-90.

The adequacy of a state jury charge is generally a question of state law and is not reviewable in a federal habeas corpus petition absent a showing that the charge deprived the defendant of a federal constitutional right. *See Cupp v. Naughten*, 414 U.S. 141, 146 (1973).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process" not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned.'"

*Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

The Supreme Court has long held that jury instructions "must be viewed in the context of the overall charge," and a "single instruction to a jury may not be judged in artificial isolation." *Cupp*, 414 U.S. at 146-47. Thus, the Court considers how "reasonable jurors could have understood the charge as a whole." *Cage v. Louisiana*, 498 U.S. 39, 41 (1990).

The Connecticut Appellate Court's statement of the law with regard to a defendant's right to establish a defense, although taken from state cases, is consistent with Supreme Court precedent. Thus, the court next considers whether the analysis

of the Connecticut Appellate Court was an unreasonable application of Supreme Court law.

The Connecticut Appellate Court acknowledged that under state law, a defendant is entitled to a jury charge as to any recognized defense for which a foundation in evidence has been established.  *See Morales*, 71 Conn. App. At 819.  The Court resolved this claim by reviewing the petitioner's purported defense to determine whether it was a legally recognized defense under Connecticut law.  It determined that a claim of innocence or a denial of participation in the crime was not a recognized defense under Connecticut law.  *See id.* at 819*.*  The Court concluded that the petitioner was not entitled to a charge on his sole defense of innocence and the trial court's refusal to give the instruction did not violate the petitioner's right to due process. The Connecticut Appellate Court further noted that petitioner's request was more appropriately characterized as related to the assessment of witness credibility.  *See Morales*, 71 Conn. App. At 819, n.31.

Because the Connecticut Appellate Court disposed of this claim on state law grounds, the claim is not cognizable in a federal habeas petition. *Engle v. Isaac*, 456 U.S. 107, 119-21, & n.21 (1982) (challenge to correctness of self-defense

instructions under state law provide no basis for federal habeas relief); *Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("a mere error of state law" is not "a denial of due process").

Furthermore, the Connecticut Appellate Court did not unreasonably apply clearly established United States Supreme Court law. Research has revealed no United States Supreme Court cases that have held that a defendant is entitled to a jury instruction on a particular defense. The right to present a defense under either the Sixth and Fourteenth Amendments does not guarantee him the right to have the state recognize any particular defense that he seeks to raise or to have the judge instruct the jury as to the defense. *See Gilmore v. Taylor*, 580 U.S. 333, 334 (1993) (rejecting argument that constitutional right to present a defense includes right to have jury consider an affirmative defense). Accordingly, the petition for writ of habeas corpus will be denied on this ground.

### C. Refusal to Charge on Intoxication Evidence

The petitioner contends that he submitted sufficient evidence that he was intoxicated when he allegedly shot the victim to warrant an instruction to the jury on intoxication. He argues that the judge violated his right to a fair trial when he

refused to charge the jury on intoxication as required by Connecticut General Statutes § 53a-7.

The Appellate Court determined that under Connecticut law, "intoxication is neither a defense nor an affirmative defense" to the charge of murder. *Morales*, 71 Conn. App. at 815. Evidence of intoxication, however, could be relevant to negate the essential element of specific intent. *See id.* Under Connecticut General Statutes § 53a-7, a jury instruction on intoxication is warranted if the defendant introduces sufficient evidence to justify it. *See id.* at 815.

The Connecticut Appellate Court observed that the evidence presented by the petitioner regarding his intoxication at the time of the murder did not support a reasonable inference as to how much alcohol he had consumed or when he had consumed it in relation to the time of the commission of the murder. *See id.* at 816. The Court determined that the evidence provided only a basis for speculation on the part of the jury as to whether the petitioner was intoxicated to a degree that he was unable to form the specific intent to murder the victim. *See id.* Furthermore, there was no other evidence in the record to suggest that the defendant was intoxicated at the time of the murder. Thus, the Appellate Court concluded that the trial judge had reasonably

11

determined that there was insufficient evidence to warrant an instruction on intoxication and the trial judge consequently did not violate Connecticut law by refusing to charge the jury on intoxication.  *See id.*

The Connecticut Appellate Court disposed of this claim on state law grounds; its determination that the evidence presented did not support the requested instruction under Connecticut law is not reviewable by this court.  *See Estelle*, 502 U.S. at 67-68; *Engle*, 456 U.S. at 119-21, & n.21. No Supreme Court precedent holds that the Constitution requires a state court to provide an intoxication charge relevant to a defendant's *mens rea*.  *See Montana v. Egelhoff*, 518 U.S. 37 (1996)(No due process prohibition of state disallowance of intoxication evidence to negate *mens rea*). The petition will be denied as to this ground for relief.

### D. <u>Jury Instruction on Reasonable Doubt</u>

The petitioner challenges the constitutionality of the trial court's jury instructions on reasonable doubt.  With no facts in dispute on this claim, the court concludes that no evidentiary hearing is required in this case.

A fundamental component of the criminal justice system and a requirement of due process is the standard of proof beyond a

reasonable doubt as to every element of the charged offense. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). Trial courts, however, are neither prohibited by, nor required to define reasonable doubt. *See id.* In fact,

> [s]o long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.

*Id.* at 5. To assess the adequacy of a reasonable doubt instruction, the court must consider the jury instructions as a whole to determine whether the challenged language was likely to have confused the jury as to the proper burden of proof to support a conviction. *See Cupp*, 414 U.S. at 146-47.

In reviewing the jury instruction on reasonable doubt, the Connecticut Appellate Court acknowledged that it must consider the instruction within the context of the entire jury charge and determine if the instruction so infected the entirety of the trial that it resulted in a conviction that violated due process. *Morales*, 71 Conn. App. at 792-99. The Connecticut Appellate Court's statement of the law regarding review of jury instructions is consistent with Supreme Court precedent.

13

Thus, the court considers whether the analysis of the Connecticut Appellate Court was an unreasonable application of Supreme Court law. The Connecticut Appellate Court rejected the petitioner's claim because the challenged language was either identical or similar to language in other cases in which the Connecticut Supreme Court or Connecticut Appellate Court had upheld the constitutionality of the instruction. *See Morales*, 71 Conn. App. at 825-26. A review of the entire jury charge reflects that the trial judge reiterated the prosecution's burden to prove each element of the crime beyond a reasonable doubt and emphasized the presumption of innocence. The petitioner fails to identify any Supreme Court case holding that the challenged language violated a criminal defendant's right to due process or a fair trial.

In light of this repeated emphasis on the prosecution's burden, the Connecticut Appellate Court's determination that the challenged statements did not violate Connecticut precedent or infect the trial to such a degree that the petitioner's conviction violated due process was not unreasonable. *See Cupp*, 414 at 146 (petitioner must show "not merely that instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the [petitioner]

by the Fourteenth Amendment"). Accordingly, this court concludes that the Connecticut Appellate Court's decision upholding the trial court's instruction on reasonable doubt was a reasonable application of Supreme Court law. The petition for a writ of habeas corpus will be denied on this ground.

### V.     Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DENIED**. The Clerk is directed to enter judgment in favor of the respondent and close this case. Petitioner has not shown that he was denied a constitutionally or federally protected right. Any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

SO ORDERED this 22d day of October, 2015, at Bridgeport, Connecticut.

>                           /s/ Warren W. Eginton
>                           WARREN W. EGINTON
>                           SENIOR UNITED STATES DISTRICT JUDGE